**SPENCE LAW OFFICE, P.C.**
Robert J. Spence, Esq.
55 Lumber Road, Suite 5
Roslyn, New York 11576
(516) 336-2060
*Counsel for Debtors*

**Hearing Date:** January 7, 2021
**Hearing Time:** 10:30 am

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

WALKER SERVICE CORP., et al.,

Debtors.[1]

-----------------------------------------------------------X

Case No. 20-41759 ESS

(Jointly Administered)

### NOTICE OF MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE PLAN(S) AND SOLICIT VOTES THEREON

PLEASE TAKE NOTICE that, upon the motion (the "Motion") of Debtors in the above captioned case (the "Debtors"), by their attorneys, Spence Law Office, P.C., the Debtors shall move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza, Courtroom 3585, Brooklyn, New York on the **7th day of January 2021, at 10:30 am**, or as soon thereafter as counsel may be heard, for an order pursuant to Section 1121(d) of Title 11, United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), further extending the Debtors' exclusive period to file their plan(s) of reorganization and the Debtors' exclusive period to solicit votes on filed plan(s), and granting the Debtors such further relief as is just and proper.

---

[1] The "Debtors" in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are (i) Walker Service Corp. (0301); (ii) T & L Cab Co. Inc. (3724); (iii) Zion Taxi, Inc. (2389); (iv) Stinger Taxi Inc. (7748); (v) Seven Transit, LLC (6442); (vi) Nicolette Transit, LLC (0225); (vii) Slepchik Transit, LLC (8161); (viii) Larry's Cab Company, LLC (8089); (ix) Yoha Transit, LLC (8135); (x) Quartermoon Hacking Corp. (8122); (xi) Miranda Transit, LLC (6487); (xii) Cirrus Hacking Corp. (5391); (xiii) Cyclonic Hacking Corp. (2980); (xiv) Laddie Cab Corp. (8009); and (xv) Vermouth Taxi Inc. (9070) (collective, the "Debtors"). The Debtors' mailing address is 465 Utica Avenue, Brooklyn, NY 11203.

PLEASE TAKE FURTHER NOTICE that opposition or responses to the Motion, if any, shall be filed with the Bankruptcy Court with a courtesy copy to the Chambers of the Honorable Elizabeth S. Stong, and served upon the proposed attorney for the Debtors, Spence Law Office, P.C., at the below address, so as to be received no later than **December 31, 2020 at 4:00 pm**.  Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Dated: December 4, 2020
      Roslyn, New York

SPENCE LAW OFFICE, P.C.
*Counsel for the Debtors*

By:  */s/ Robert J. Spence*
    Robert J. Spence, Esq.
    55 Lumber Road, Suite 5
    Roslyn, New York 11576
    (516) 336-2060

SPENCE LAW OFFICE, P.C.
Robert J. Spence, Esq.
55 Lumber Road, Suite 5
Roslyn, New York 11576
(516) 336-2060
*Counsel for Debtors*

**Hearing Date:**  January 7, 2021
**Hearing Time:** 10:30 am

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

WALKER SERVICE CORP., et al.,

           Debtors.[1]

---------------------------------------------------------X

Case No. 20-41759 ESS

(Jointly Administered)

### APPLICATION FOR AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS

TO:      **THE HONORABLE ELIZABETH S. STONG**
          **UNITED STATES BANKRUPTCY JUDGE:**

     Walker Service Corp., et al., the debtors and debtors-in-possession herein ("Debtors"), by their attorneys, Spence Law Office, P.C., in support of their motion (the "Motion") for an order pursuant to Section 1121(d) of Title 11, United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), further extending the Debtors' exclusive period to file their plan(s) of reorganization and the Debtors' exclusive period to solicit votes on filed plan(s), respectfully represent:

#### SUMMARY OF RELIEF REQUESTED

    1.    By this Motion, the Debtors seek entry of an order, substantially in the form annexed

---

[1] The "Debtors" in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are (i) Walker Service Corp. (0301); (ii) T & L Cab Co. Inc. (3724); (iii) Zion Taxi, Inc. (2389); (iv) Stinger Taxi Inc. (7748); (v) Seven Transit, LLC (6442); (vi) Nicolette Transit, LLC (0225); (vii) Slepchik Transit, LLC (8161); (viii) Larry's Cab Company, LLC (8089): (ix) Yoha Transit, LLC (8135); (x) Quartermoon Hacking Corp. (8122); (xi) Miranda Transit, LLC (6487); (xii) Cirrus Hacking Corp. (5391); (xiii) Cyclonic Hacking Corp. (2980); (xiv) Laddie Cab Corp. (8009); and (xv) Vermouth Taxi Inc. (9070) (collective, the "Debtors"). The

1

hereto as Exhibit A (the "Proposed Order"), pursuant to Section 1121(d) of the Bankruptcy Code, granting the Debtors a further extension of the Debtors' exclusive period to file a plan of reorganization for approximately 90 days through and including March 4, 2021, and of the time to solicit votes thereon through and including May 4, 2021.

## BACKGROUND

2.      On March 27, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      By Order dated July 2, 2020 [Doc No. 47], the court authorized the Debtors to be jointly administered under the Walker Service Corp. case.

4.      The Debtors remain in possession of their assets and continue to manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      No trustee, examiner or committee of creditors has been appointed in this case.

6.      The Debtors are engaged in the taxi medallion business in New York City.

7.      In order to propose a plan, the Debtors would need at least some idea as to when the economy and travel will return to pre-pandemic levels.   It is estimated that the drop-off in taxi business industrywide has been approximately 90% during the pandemic.  However, recent developments and progress with vaccines has given some hope that the economy will return to pre-pandemic levels sooner rather than later.   The Debtor needs the additional time to evaluate a return to usual operations and to develop a Plan that will be feasible and make sense to the creditors and the Court.

---

Debtors' mailing address is 465 Utica Avenue, Brooklyn, NY 11203.

## BASIS FOR RELIEF REQUESTED

8.    The Debtors seek an extension of the current exclusive periods to avoid the premature formulation of a Chapter 11 plan at this time.  The current deadline for plan(s) to be filed during the exclusivity period is December 4, 2020 [ECF No. 62].

9.    Any plan the Debtors propose will be funded in large part by the Debtors' ongoing business.  The timing of reopening of their business is based on the demand for taxis.  Demand for taxis has been greatly reduced during the pandemic.  The Debtors intend to reopen operations, at least partially, in the first quarter of 2021, subject to COVID-19 restrictions and demand for taxis.

10.    Notwithstanding the pandemic and shutdown of the Debtors' operations, the Debtors have been negotiating with their secured creditor, Pentagon Federal, to attempt to resolve PenFed's claims in order to propose consensual plans after the Debtors resume operations.   Negotiations are still active and ongoing and, while moving slowly, progress has been made.

11.    The Debtors estimate that a 90 day extension of the exclusivity periods should be sufficient to allow for the Debtors' business to reopen, for business to return to normal or to at least provide enough actual operations for the Debtors to develop projections of cash flow.   The time is also necessary for the ongoing discussions with PenFed.

12.    Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Debtors' current exclusive periods "for cause" after notice and hearing. Although the term "cause" is not defined in the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement."  H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 231-32 (1977); see In re McLean Indus., Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987); In re Public Serv. Co. Of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent

...[is] to promote maximum flexibility.").

13.     The Debtors submit that cause exists to grant the proposed further extensions of the current exclusive periods. The Debtors believe that it is essential and therefore beneficial to the estate and their creditors that the Debtors be afforded the time necessary in an environment where the Debtors are not distracted with the concomitant threat of competing plans, unproductive confrontations and the increasing administrative costs associated therewith.

14.     Finally, the Debtors believe that the proposed extension of the current exclusive periods will not prejudice creditors of the Debtors' estates or other parties-in-interest. To terminate the exclusive periods prematurely would be to deny the Debtors a meaningful opportunity to negotiate with creditors, resume operations, and propose a confirmable plan. This would be contrary to the overall purpose of the Chapter 11 process. Finally, a premature termination of the exclusive periods might force the Debtors to waste valuable time and efforts combating competing plans and result in increasing administrative expenses, all to the detriment of the estate, the creditors and other parties-in-interest.

15.     Accordingly, the Debtors respectfully submit that sufficient cause exists under Section 1121(d) of the Bankruptcy Code to extend the current exclusive periods without prejudice to the Debtors' right to seek additional extensions upon appropriate notice and hearing therefore. The development of any plan of reorganization at this stage of the Chapter 11 case is premature and would not serve the best interest of the Debtors, their estates or their creditors.

## CONCLUSION

16.     Notice of this Motion shall be given to the United States Trustee, all creditors and parties filing a notice of appearance in this case. The Debtors respectfully submit that such notice is

sufficient, and request that this Court find that no further notice of the relief requested herein is required.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order extending the Debtors' time to file a plan of reorganization through and including March 4, 2021 and of the time to solicit votes thereon through and including May 4, 2021, and grant the Debtors such further relief as is just and proper.

Dated: Roslyn, New York
      December 4, 2020                SPENCE LAW OFFICE, P.C.
                                  Attorneys for Debtors and Debtors-in-Possession

By:    */s/ Robert J. Spence*
           Robert J. Spence, Esq.
           55 Lumber Road, Suite 5
           Roslyn, New York 11576
           (516) 336-2060

5

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

WALKER SERVICE CORP., et al.,

                Debtors.[1]

-----------------------------------------------------------X

                         Case No. 20-41759 ESS

                         (Jointly Administered)

**ORDER EXTENDING DEBTORS' EXCLUSIVITY PERIODS**

      Upon the Application dated December 4, 2020, (the "Application"), of the above-captioned debtors and debtors in possession (the "Debtors"), by their attorneys, Spence Law Office, P.C., for entry of an order, pursuant to section 1121(d) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), further extending the Debtors' exclusive periods to file plan(s) of reorganization and solicit votes thereon; and a hearing having been held on January 7, 2021; and no objections having been received; and sufficient cause appearing therefore, and it further appearing that sufficient notice of the Application as required having been given, as evidenced by the proof of service annexed to the Application, it is

      ORDERED, that the Application be, and hereby is, granted; and it is further

      ORDERED, that in accordance with section 1121(d) of the Bankruptcy Code, the Debtors' exclusive periods to file plan(s) of reorganization are hereby extended through, to and including March 4, 2021 and the time to solicit votes thereon is extended through, to and including May 4, 2021, without prejudice to the Debtors' right to apply for further extensions.

---

[1] The "Debtors" in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are (i) Walker Service Corp. (0301); (ii) T & L Cab Co. Inc. (3724); (iii) Zion Taxi, Inc. (2389); (iv) Stinger Taxi Inc. (7748); (v) Seven Transit, LLC (6442); (vi) Nicolette Transit, LLC (0225); (vii) Slepchik Transit, LLC (8161); (viii) Larry's Cab Company, LLC (8089): (ix) Yoha Transit, LLC (8135); (x) Quartermoon Hacking Corp. (8122); (xi) Miranda Transit, LLC (6487); (xii) Cirrus Hacking Corp. (5391); (xiii) Cyclonic Hacking Corp. (2980); (xiv) Laddie Cab Corp. (8009); and (xv) Vermouth Taxi Inc. (9070) (collective, the "Debtors"). The Debtors' mailing address is 465 Utica Avenue, Brooklyn, NY 11203.