WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Thomas A. Draghi, Esq.
Alison M. Ladd, Esq.

*Counsel to Sophie Pross and Joseph Pross*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No.: 20-41759 (ESS) |
| WALKER SERVICE CORP., *et al.,* | ) Jointly Administered |
| | ) |
| Debtors[1]. | ) |
| | ) |

**JOINDER OF SOPHIE PROSS AND JOSEPH PROSS TO DEBTORS'**
**OMNIBUS OPPOSITION TO THE MOTIONS OF PENFED**
**TO CONVERT OR DISMISS THE DEBTORS' CASES**

Joseph Pross and Sophie Pross (together, the "Pross's), by their undersigned counsel, hereby join in the Debtors' Omnibus Opposition (the "Opposition") to the motions of Pentagon Federal Credit Union, as successor by merger to Progressive Credit Union ("PenFed") for Dismissal of the Chapter 11 Cases, or in the Alternative, for Conversion of the Cases to Chapter 7 (ECF 64-1, *et al.*,[2] the "Motions"), and respectively state as follows:

---

[1]  The "Debtors" in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are (i) Walker Service Corp. (0301); (ii) T & L Cab Co. Inc. (3724); (iii) Zion Taxi, Inc. (2389); (iv) Stinger Taxi Inc. (7748); (v) Seven Transit, LLC (6442); (vi) Nicolette Transit, LLC (0225); (vii) Slepchik Transit, LLC (8161); (viii) Larry's Cab Company, LLC (8089): (ix) Lawrence Transit, LLC (8283); (x) Yoha Transit, LLC (8135); (xi) Quartermoon Hacking Corp. (8122); (xii) Miranda Transit, LLC (6487); (xiii) Betty Transit, LLC (8319); (xiv) Lev Transit, LLC (8201); (xv) Sima Hacking Corp. (9453); (xvi) Lyuba Hacking Corp. (9451); (xvii) Trot Service Corp. (5401); (xviii) Cirrus Hacking Corp. (5391); (xix) Cyclonic Hacking Corp. (2980); (xx) Laddie Cab Corp. (8009); and (xxi) Vermouth Taxi Inc. (9070) (collective, the "Debtors"). The Debtors' mailing address is 465 Utica Avenue, Brooklyn, NY 11203.

[2]  This Joinder is to the Debtors' Opposition to the three (3) duplicate motions to convert or dismiss filed by PenFed (a) at ECF 64 the above-captioned case, (b) at ECF 41 in In re Betty Transit, LLC, Case No. 20-41760, and (c) at ECF 40 in In re Trot Service Corp., Case No. 20-41776.  The Debtors' Opposition was in each of these cases

1. As set forth more fully in the First Day Affidavit of Joe Pross Pursuant to Rule 1007-4 (the "1007-4 Affidavit"), despite operating a profitable business enterprise for approximately 35 years, the challenges of ride sharing applications like Uber and Lyft, coupled with the crippling effects of the COVID-19 pandemic on all New York City area business, including the Pross's business enterprise, resulted in the filing of the Debtors' Chapter 11 cases. The Debtors sought the breathing spell afforded by Chapter 11 to provide time to negotiate with PenFed and promulgate a Chapter 11 plan or plans. *See* 1007-4 Affidavit at para. 30, 31.

2. PenFed has not established sufficient cause for dismissal of the Debtors' cases. The Chapter 11 cases were filed in good faith. The Pross's are optimistic that, with a combination of the availability of a vaccine for COVID-19 becoming available, along with efforts to obtain State and Federal business assistance and recent governmental restrictions on ride sharing services – which the Pross's believe will assist the Debtors in being competitive with such services going forward – these Debtors do have a reasonable prospect of reorganization. The challenges of the pandemic have necessitated patience on behalf of many businesses and lenders. The Pross's have infused hundreds of thousands of dollars into the business enterprise already and face millions of dollars of individual exposure to PenFed. In addition, other creditors in these cases and many other parties in interest – drivers, mechanics, dispatch workers and others – will be negatively and unduly impacted if these cases were converted or dismissed at this time, without a good faith attempt to restructure and reorganize these businesses.

3. The Debtors and the Pross' have been working diligently to try and resolve their disputes with PenFed. Nathaniel Wasserstein, the duly appointed SubChapter V

---

at the following ECF nos. (i) ECF 75 in the above-captioned case, (ii) ECF 50 in Betty Transit, LLC, Case No- 20-41760, and (c) ECF 48 in Trot Service Corp.

Trustee, has been instrumental in this process, serving somewhat as a mediator between the parties in the settlement negotiations.

4.  For these and other reasons, the Pross's join in the Debtors' Opposition to PenFed's Motions. The Pross's respectfully submit that permitting the Debtors to remain in Chapter 11 while they continue to work through issues caused by COVID and negotiate and promulgate a plan or plans of reorganization bankruptcy, is in the best interests of Debtors' creditors and other parties in interest. Based on the foregoing, and as set forth in the Debtors' Opposition, the Pross's respectfully request that the Motions be denied.

Dated: Uniondale, New York
January 29, 2021

                WESTERMAN BALL EDERER MILLER
                ZUCKER & SHARFSTEIN, LLP


                By:   */s/ Thomas A. Draghi*
                      Thomas A. Draghi, Esq.
                1201 RXR Plaza
                Uniondale, New York 11556
                Telephone No. (516) 622-9200

                *Counsel to Sophie Pross and Joseph Pross*

02330955.DOCX